UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMMIE FEATHERSTONE,

     Plaintiff,

v.                                   Case No. 3:17cv837-MCR-HTC

AT&T, et al.,

     Defendants.

_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Jammie Featherstone, proceeding *pro se* and *in forma pauperis*, brought this case complaining of various incidents that allegedly took place while she worked for the Defendants.  Defendants have moved to dismiss (ECF Doc. 25) Plaintiff's second amended complaint, and Plaintiff responded in opposition (ECF Doc. 27).  Defendants' motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E).   Considering the parties' submissions and the relevant law, the undersigned recommends that Defendants' Motion to Dismiss (ECF Doc. 25) be GRANTED as to Counts 1 and 2 of Plaintiff's second amended and DENIED as to Count 3, solely as it relates to Defendant AT&T.

## I.    BACKGROUND

Plaintiff is a resident of Samson, Alabama.  ECF Doc. 10 at 3.  Her second amended complaint names seven (7) Defendants: AT&T, DirecTV, iQor, Kayleigh White, Stephanie Miller, Missy Dalrymple and Sentry Insurance Company ("Sentry").  *Id.* at 1-4.  Plaintiff indicates White, Miller and Dalrymple are iQor employees, and Sentry is the insurer for AT&T, DirecTV and iQor.  *Id.*  The second amended complaint sets forth factual allegations in three (3) separate counts, the truth of which are accepted for purposes of this Report and Recommendation.

In Count 1, Plaintiff alleges she was an employee of AT&T in Crestview, Florida.  *Id.* at 5.  "While in training Plaintiff was not given proper training equipment to prepare her for her position in the call center and she was locked out of the training programs."  *Id.*  "Plaintiff was constantly accused of stealing equipment and training materials."  *Id.*  Her instructor, Defendant Miller "set the stage for 'extortion' and 'black mail' when she told Plaintiff she had to make payments for the stolen equipment and training materials."  *Id.*  "Miller took over $200.00 from Plaintiff against her will, to keep [Defendant Dalrymple] from reporting the above . . . items stolen to the Sheriffs' Department."  *Id.*  "A few days later[,] Plaintiff had to give another $200.00 to [Defendant White] for failing two unlawful lie detector test[s]."  Dalrymple subsequently threatened to have Plaintiff arrested if she did not pay another $200.  *Id.*  Plaintiff claims Miller, White and

Dalrymple's demands for money and threats "were wrong," "had no basis in fact" and violated Fla. Stat. §§ 796.09 and 836.05.  *Id.* at 6.

In Count 2, Plaintiff alleges White told her that if she denied the theft of training materials, she would be terminated as untrustworthy.  *Id.* at 7.  Plaintiff signed a confession "under protest" indicating she had stolen computers and other materials.  *Id.*  Plaintiff requested a copy of the signed confession but "never received one."  *Id.*  White told Plaintiff "not to worry as it would not be held against Plaintiff" and "other employees had signed confessions and [they] had not been fired."  *Id.*

White "dictated [the] confession and Plaintiff handwrote the document."  *Id.*  White administered two polygraph tests.  *Id.*  After the first test, White advised Plaintiff she had failed.  *Id.*  Plaintiff asked White "to take a second test as she had not been at AT&T long enough to do all this stealing."  *Id.*  White "agreed that . . . Miller believed that there had been much more than a few thousand dollars of computers and materials taken."  *Id.*  White directed Plaintiff "to sign a [second] confession for a higher amount, without 'signing under protest.'"  *Id.*  After White dictated a new confession, Plaintiff "signed the statement stating she had taken thousands of dollars."  *Id.*  White gave Plaintiff the second polygraph test and told Plaintiff she failed.  *Id.*  White subsequently "started to accuse Plaintiff of sleeping on her unpaid lunch break."  *Id.*  On November 1, 2017, Plaintiff reported her accident in the parking lot (discussed in Count 3) and was fired the next day.  *Id.* at

8. As to Count 2, plaintiff "demands judgment for treble damages against defendants and punitive damages in accordance with Florida Statutes 784(a) and (b), 817 and 836." *Id.*

In Count 3, Plaintiff alleges AT&T owned and negligently maintained the parking lot at its call center in Crestview, Florida. *Id.* Plaintiff asserts AT&T allowed depressions to develop on the surface of the lot and did not install proper lighting. *Id.* On October 31, 2017, Plaintiff stepped in a depression, fell and hit her head on a concrete parking divider. *Id.* She injured the right side of her head, her right leg and damaged her car. *Id.* She filed a workers' compensation claim concerning the incident, but it was denied on November 20, 2017, "under a 'coming and going Rule.'" *Id.* at 9.

In the "Relief Requested" section of the second amended complaint, Plaintiff indicates she seeks: (1) reinstatement; (2) replacement of her damaged vehicle; (3) "full pay for time lost due to harassment, coercion, extortion, blackmail payments and intimidation"; (4) "payment for medical bills due to negligence of defendants and not maintain[ing the] parking lot"; (5) $300,000 for pain and suffering; (6) "triple damages due to acts of extortion, harassment, blackmail payments and intimidation"; and (7) punitive damages of $70,000,000. *Id.* at 11.

## II.   LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the Court reads a *pro se* plaintiff's allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted). "There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice." *Ellen S. v. Fla. Bd. of Bar Exam'rs*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994) (citation omitted). Further, mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.*  The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible . . .." *Id.* at 570.

## III.    DISCUSSION

### A.    Counts 1 and 2

Plaintiff cannot state a claim against the Defendants under any of the statutes cited in Counts 1 and 2.  Florida Statute § 796.09 provides prostitutes with a means to sue their pimps.  *See Balas v. Ruzzo*, 703 So. 2d 1076, 1078-79 (Fla. 5th DCA 1997) (Section 796.09 "is designed to encourage prostitutes to sue their pimps" and "provides a person with a civil cause of action for compensatory and punitive damages against anyone who coerces that person into prostitution, who coerces that person to remain in prostitution, or who uses coercion to collect or receive any part of that person's earnings derived from prostitution.").  This statute has no relation to Plaintiff's allegations, as she does not allege the Defendants caused her to engage in prostitution.

Florida Statute § 836.05 is a criminal extortion statute and does not create a private cause of action for damages. *See Harris v. Jan*, Case No. 2:18-cv-383-FtM-29MRM, 2018 WL 4898831, at *2 (M.D. Fla. Oct. 9, 2018) ("[T]here is no recognized private right of action for extortion in Florida and specifically under Fla. Stat. § 836.05."); *Bass v. Morgan, Lewis & Bockius*, 516 So. 2d 1011, 1011-12 (Fla. 3rd DCA 1987) (holding violation of criminal extortion statute, Fla. Stat. § 836.05, does not give rise to a civil cause of action for damages); *Am. Nat'l Title & Escrow of Fla., Inc. v. Guarantee Title & Trust Co.*, 748 So. 2d 1054, 1056 (Fla. 4th DCA 1999) (holding there is "no common law action for damages based upon extortionate conduct") (citation omitted).

Likewise, the criminal statutes referenced in Count 2 do not provide Plaintiff with a private cause of action. Chapter 784 of the Florida Statutes encompasses criminal statutes related to assault, battery and culpable negligence, Chapter 817 identifies crimes related to fraudulent practices and Chapter 836 identifies crimes related to defamation, libel, threatening letters and similar offenses.[1] Criminal statutes, however, do not generally create an independent cause of action for damages. *See Morrison v. Morgan Stanley Props.*, No. 06-80751-Civ, 2007 WL 2316495 at * 10 (S.D. Fla. Aug. 9, 2007) ("When a criminal remedy is available,

---

[1] Plaintiff's complaint refers generally to "Florida Statutes 784(a) and (b), 817 and 836." ECF Doc. 10 at 8. It is unclear which particular statute or subsection Plaintiff is referring to within Chapters 784, 817 and 836.

and no civil remedy is assigned, it is not assumed that a civil remedy exists.")
(citation omitted); *Temple v. Aujla*, 681 So. 2d 1198, 1198-99 (Fla. 5th DCA 1996)
(affirming dismissal of suit "on the ground that the legislature had specifically
provided a criminal remedy for retaliatory discharge without enumerating a civil
cause of action, and therefore, none exists. . . . Where the legislature has spoken by
delineating a specific remedy, it is not the judicial branch's role to overstep the
legislature's authority and create an additional remedy."); *see also Vasile v. Dean
Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 477 (E.D.N.Y. 1998) ("It is also a general
precept of criminal law that unless the statute specifically authorizes a private right
of action, none exists."). Because these criminal statutes do not provide a private
right of action under Florida law, Count 2 should be dismissed.

B. Count 3

Defendants argue the negligence claim in Count 3 should be dismissed
because it is barred by workers' compensation immunity. ECF Doc. 25 at 7.
Plaintiff states her workers' compensation claim was denied in November 2017
under the "going or coming" rule. ECF Doc. 10 at 9; *Security Bureau, Inc. v.
Alvarez*, 654 So. 2d 1024, 1025 (Fla. 1st DCA 1995) ("The going and coming rule
provides that injuries sustained by an employee going to or coming from work are
not compensable."). However, under the premises exception to the going and
coming rule, "an injury sustained by an employee with fixed hours and place of work

who is injured while going to or coming from work is [compensable]… if it occurred on the employer's premises." *Id.* An employer's premises includes parking lots owned by the employer or maintained by the employer for its employees, but does not include public parking lots that are not used by the employer or its employees in any way materially different from the public in general. *Id.* at 1025-1026. Thus, generally, workers' compensation immunity is a defense to an employer who is sued for premises liability. *See Elizabeth Arden, Inc. v. Saldana*, 992 So.2d 419, 420 (3d DCA Fla. 2008). Here, however, because Plaintiff alleges her workers' compensation claim was denied, a question of fact exists as to whether Plaintiff's alleged injury was compensable under the workers compensation statutes.

Defendants state in their motion to dismiss that, if this claim proceeds, Defendant AT&T is the only proper Defendant. The undersigned agrees. Indeed, Plaintiff alleges AT&T owned the parking lot where the incident occurred. ECF Doc. 10 at 8. Thus, the remaining defendants should be dismissed as to Count 3.

C. <u>Defendants Sentry, DirecTV and iQor</u>

Plaintiff's second amended complaint identifies Sentry Insurance Company as the insurance carrier for AT&T[2], DirecTV and iQor. ECF Doc. 10 at 2. However,

---

[2] As an additional ground for dismissal, Sentry has not been served with the second amended complaint. Although Sentry was initially identified as a defendant, Plaintiff failed to comply with the Court's order directing Plaintiff to submit a waiver of service form for Sentry. ECF Doc. 15. Thus, Sentry has not been served. Under Federal Rule of Civil Procedure 4(m), this Court must, after notice to the Plaintiff, dismiss the action without prejudice as to any defendant who has not been served within 90 days of the complaint. Fed. Civ. P. 4(m). The amended complaint was

the second amended complaint does not contain any well-pleaded factual allegations concerning DirecTV or iQor.  As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Because the complaint contains no factual allegations concerning either Sentry, DirectTV or iQor, Plaintiff has not stated a claim for relief against these defendants and they should be dismissed from this action.

Accordingly, it is RECOMMENDED:

1.     That Defendants AT&T, DirectTV, iQor, Kayleigh White, Stephanie Miller, and Missy Dalrymple's Motion to Dismiss (ECF Doc. 25) be GRANTED, in part and DENIED in part.

2.     That Counts 1 and 2 set forth in Plaintiff's second amended complaint (ECF Doc. 10) be DISMISSED as to all Defendants.

---

filed on June 2, 2018, and the Court's order requesting the waiver form from Plaintiff was entered on April 10, 2019.  More than 90 days has passed since both of those events occurred.

Case No. 3:17cv837-MCR-CJK

3.     That Count 3 be DISMISSED as to all Defendants except Defendant AT&T.

4.     That Defendant AT&T be ordered to answer the second amended complaint within fourteen (14) days.

5.     That the clerk terminate all Defendants except for Defendant AT&T.

At Pensacola, Florida, this 24th day of September, 2019.


*s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.