UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMMIE FEATHERSTONE,

    Plaintiff,

v.                                  Case No. 3:17cv837-MCR-HTC

AT&T,

    Defendant.

_____/

<u>REPORT AND RECOMMENDATION</u>

    This matter is before the Court on Defendant AT&T's Motion to Compel Discovery (ECF Doc. 47), seeking to compel Plaintiff to respond to outstanding discovery requests, and Motion For Sanctions (ECF Doc. 49), seeking dismissal of this action with prejudice for Plaintiff's failure to participate in discovery, failure to prosecute her claims, and failure to comply with orders of the Court.  The motions were referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  For the reasons that follow, the undersigned respectfully recommends that (1) Defendant's motion for sanctions (ECF Doc. 49) be GRANTED to the extent that this case be DISMISSED WITH PREJUDICE as sanctions for Plaintiff's failure to

prosecute and comply with numerous orders of the Court and (2) Defendant's motion to compel (ECF Doc. 47) subsequently be DENIED as MOOT.

## I.    BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this action in November of 2017 by filing a complaint alleging a number of federal and tort claims against her former employer, AT&T, and several other defendants arising out of Plaintiff's alleged wrongful termination and injuries sustained from falling in a parking lot owned by AT&T. ECF Doc. 1. Upon review of the initial complaint, the Court found that it failed to state a claim for relief and gave Plaintiff an opportunity to file an amended complaint. ECF Doc. 4.

Plaintiff filed her first amended complaint on January 4, 2018. ECF Doc. 5. Upon review of the first amended complaint, the Court again found that Plaintiff had failed to state a claim for relief against five (5) of the six (6) named defendants. ECF Doc. 6. Thus, the Court gave Plaintiff another opportunity to amend her allegations in a second amended complaint. *Id.*

After an extension of time, Plaintiff filed her second amended complaint on July 2, 2018.[1] ECF Doc. 10. Upon review of the second amended complaint, the

---

[1] In granting the extension of time, the Court directed Plaintiff to file her second amended complaint by June 25, 2018. ECF Doc. 8. Thus, Plaintiff filed her second amended complaint one (1) week after the extended deadline.

Court found it sufficient to be served on all seven (7) named defendants.  ECF Docs. 11, 15.

Following service on six (6) of the named defendants, Defendants filed a joint motion to dismiss.[2]  ECF Doc. 25.  On October 24, 2019, the Court granted Defendants' motion in part and dismissed all of Plaintiff's claims against all Defendants except Plaintiff's negligence claim against AT&T arising from her alleged fall in the parking lot.  ECF Doc. 29 (adopting the Report and Recommendation at ECF Doc. 28).  Defendant AT&T subsequently filed an answer to the second amended complaint (ECF Doc. 30), and the Court entered an Initial Scheduling Order (ECF Doc. 31), which directed the parties to confer and submit a joint report pursuant to Federal Rule of Civil Procedure 26(f) by December 30, 2019.

The parties did not submit their Rule 26(f) joint report by December 30, 2019. Rather, that same day, Plaintiff filed a Notice of Appeal, in which she sought to appeal the Court's October 24 Order to the Eleventh Circuit.  ECF Doc. 33. Following receipt of Plaintiff's notice, and having not received the parties Rule 26(f) joint report, the Court issued an order on January 8, 2020 (1) directing the parties to file their Rule 26(f) joint report by January 29, 2020 and (2) noting that Plaintiff's appeal did <u>not</u> relieve the parties of their obligation to submit their joint report or to

---

[2] One named defendant, Sentry Insurance Company ("Sentry"), was never served with the second amended complaint because Plaintiff failed to comply with the Court's order directing Plaintiff to submit a waiver of service form for Sentry.  *See* ECF Docs. 15, 28.

otherwise proceed with this litigation.  ECF Doc. 37; s*ee also* 28 U.S.C. § 1292(b) (stating that an application for interlocutory appeal does not stay district court proceedings absent a court order).  On January 16, 2020, Plaintiff filed a second Notice of Appeal, in which she sought to appeal the Court's January 8 Order.  ECF Doc. 38.  __That notice, filed more than four (4) months ago, is the last correspondence this Court has received from Plaintiff regarding this action.__

On January 28, 2020, AT&T filed a Report of Parties' Rule 26(f) Planning Meeting stating that, despite repeated efforts to work with Plaintiff to conduct a discovery planning meeting and finalize a joint report in compliance with the Court's Orders, Plaintiff refused to participate and indicated that she would not participate during the pendency of her appeals despite being directed to do so.  ECF Doc. 42. Thus, on January 31, 2020, the Court entered a Final Scheduling Order, which stated:

> As this Court has already advised Plaintiff, the filing of an interlocutory appeal (or two) **does not** relieve Plaintiff of her obligation to participate in this litigation.  *See* 28 U.S.C. § 1292(b).  To be very clear, **Plaintiff is directed to participate in the prosecution of this action, including all discovery.  Failure to participate will result in a recommendation that this action be dismissed for failure to prosecute or failure to comply with an order of the Court.**

ECF Doc. 43 at 1 (emphasis in original).

On February 19, 2020 and March 3, 2020, respectively, Plaintiff's interlocutory appeals were dismissed for Plaintiff's failure to prosecute.  *See* ECF Docs. 45, 46.  Despite numerous orders from the Court directing Plaintiff to continue

litigating this action during the pendency of her appeals, and despite the fact that Plaintiff's appeals were both dismissed for want of prosecution approximately three (3) months ago, Plaintiff has nonetheless failed to participate in this litigation in any capacity since the filing of her second Notice of Appeal on January 16.

## II.    AT&T'S MOTIONS BEFORE THE COURT

In its motion to compel (ECF Doc. 47), AT&T indicates that, despite serving Plaintiff with discovery requests nearly four (4) months prior, in early January, Plaintiff has not responded to any of AT&T's discovery requests. AT&T's counsel contacted Plaintiff again in March and April by various means of communication regarding the discovery requests, but Plaintiff did not respond to any attempted correspondence. Thus, AT&T moves for the Court to (1) compel Plaintiff to respond to its discovery requests and (2) enter sanctions against Plaintiff in the form of expenses incurred in preparing the motion.

On April 29, 2020, the Court issued an order directing Plaintiff to show cause why AT&T's motion to compel should not be granted on or before May 13, 2020. ECF Doc. 48. The Court warned Plaintiff that failure to respond to the Order or, alternatively, to respond to AT&T's discovery requests within the time provided may result in the imposition of sanctions as well as a recommendation that this case be dismissed for failure to prosecute. May 13 has passed, and Plaintiff has not responded to the Court's April 29 Order.

Subsequently, AT&T filed its motion for sanctions (ECF Doc. 49), in which AT&T indicates that Plaintiff failed to respond to its numerous emails, calls, and letters regarding the scheduling of Plaintiff's deposition and, when AT&T subsequently scheduled Plaintiff's deposition via videoconference and sent Plaintiff notice thereof, Plaintiff failed to appear at the deposition. Thus, AT&T moves for the Court to enter sanctions against Plaintiff in the form of a dismissal with prejudice as well as attorney's fees and costs.

On May 11, 2020, the Court issued an order directing Plaintiff to show cause why AT&T's motion for sanctions should not be granted on or before May 18, 2020. ECF Doc. 50. The Court again warned Plaintiff that failure to respond may result in the imposition of sanctions and a recommendation that this case be dismissed for failure to prosecute without further notice. May 18 has passed, and Plaintiff has not responded to the Court's May 11 Order.[3] Indeed, Plaintiff has not participated in this action in any capacity since early January.

## III.   DISCUSSION

Under Federal Rule of Civil Procedure 37, this Court has broad discretion to enter sanctions against a party for failing to meet his or her discovery obligations, including failure to comply with discovery orders and failure to attend a deposition. *See U.S. v. Certain Real Property*, 126 F.3d 1314, 1317 (11th Cir. 1997) ("Rule 37

---

[3] AT&T, however, filed a response on May 28, 2020, seeking dismissal. ECF Doc. 51.

confers upon district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders"). The form of sanctions that may be issued include reasonable fees and costs as well as dismissal. *See In re Abilify (Aripiprazole) Products Liability Litigation*, 2019 WL 5445880, at *1 (N.D. Fla. Sept. 24, 2019) (finding that Rule 37 allows a court to sanction a party, up to and including dismissal of a case with prejudice, for failing to comply with court orders); s*ee also* Fed. R. Civ. P. 37(a)(5)(A)(iii); Fed. R. Civ. P. 37(d)(1)(A).

Although dismissing an action as a sanction should be a matter of last resort and should be used only in limited circumstances, the undersigned finds it appropriate here. *See Goodman v. New Horizons Community Serv. Bd*., 2006 WL 940646, at *1 (11th Cir. Apr. 12, 2006) ("[b]ecause dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith, and (2) the district court finds that lesser sanctions will not suffice"). Indeed, given Plaintiff's complete lack of participation in this action, including her willful failure to participate in any discovery as clearly directed and failure to respond to numerous orders of the Court, the undersigned finds that dismissal of this action is appropriate and that lesser sanctions would not suffice. *See Reed v. Fulton County Government*, 170 F. App'x 674 (11th Cir. 2006) (finding district court did

not abuse its discretion in dismissing action under Rule 37 where plaintiff did not appear at his deposition and failed to respond to Court orders).

However, because Plaintiff is proceeding *pro se*, has established her indigency by moving to proceed *in forma pauperis*, and shall face a "drastic" sanction in the form of a dismissal with prejudice, the undersigned does not recommend that Plaintiff be required to pay the costs or expenses incurred in drafting AT&T's discovery motions. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii) (stating that the Court must not order payment of such costs and expenses if "other circumstances make an award of expenses unjust").

Accordingly, it is respectfully RECOMMENDED that:

1.    Defendant's Motion for Sanctions (ECF Doc. 49) be GRANTED to the extent set forth herein.

2.    This case be DISMISSED WITH PREJUDICE as sanctions for Plaintiff's failure participate in any discovery, failure to prosecute, and failure to comply with numerous orders of the Court.

3.    Defendant's Motion to Compel Discovery (ECF Doc. 47) be DENIED as MOOT.

4.      The clerk be directed to close the file.

At Pensacola, Florida, this 1st day of June, 2020.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.